Filed 8/30/22 P. v. Rodgers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095203 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04912) |
| v. | |
| ELIJAH RODGERS, | |
| Defendant and Appellant. | |

In an earlier appeal, we affirmed defendant Elijah Rodgers's convictions, but remanded the matter to allow the trial court to exercise its discretion to strike defendant's firearm enhancements in light of legislative changes to sentencing law. On remand, the trial court declined to strike defendant's firearm enhancements. Defendant appeals, arguing the trial court on remand apparently did not understand the scope of its discretion to impose a lesser included firearm enhancement. The People disagree, but ask us to correct an unauthorized aspect of the sentence as originally imposed.

1

We agree with the Attorney General that part of defendant's original sentence was unauthorized and conclude it must be vacated and the matter remanded for a full resentencing hearing. That conclusion moots the parties' other contentions.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts and procedural history of defendant's case are not material to the instant appeal. It suffices to say that in a prior opinion we (1) affirmed defendant's 2015 convictions for murder (Pen. Code, § 187, subd. (a)—count one)[1] and shooting at an occupied vehicle (§ 246—count two), and the jury's true findings regarding allegations defendant personally and intentionally discharged a firearm, causing death, personally used a firearm, and committed the offenses for the benefit of a criminal street gang (§§ 12022.53, subd. (d), 12022.5, subd. (a), 186.22, subd. (b)(1)); and (2) remanded the matter to allow the trial court to exercise discretion granted to it by a 2018 amendment to section 12022.53, subdivision (h), which permits trial courts to strike or dismiss firearm enhancements. (*People v. Rodgers* (May 4, 2021, C080976) [nonpub. opn.].)[2]

At resentencing on remand in October 2021, defense counsel told the trial court, "You don't have to strike the entirety of the enhancement. It's a 10, 20, to life. Some striking and some leniency . . . wouldn't hurt."

The trial court characterized the issue before it, explaining that this court "sent [the matter] back to the Trial Court only for consideration of whether a Judge should, in the interest of justice, strike [defendant's] personal use of a firearm because the law changed on that." And, "[A]ll [defendant] is here for in front of me is to see if I would be willing

---

[1] Undesignated statutory references are to the Penal Code.

[2] The People's request for judicial notice filed on June 17, 2022, is denied as moot, as the record and unpublished opinion in appeal No. C080976 was already incorporated by reference by this court's order filed on March 18, 2022.

to strike his gun enhancement, which is significant, right? It's an additional 25 years to life."

The trial court declined to strike defendant's firearm enhancement on remand, explaining, "[T]here is not significant responsibility in my view that would demonstrate [defendant] should receive a leniency, a re-sentencing, by eliminating a 25-year to life sentence for the gun enhancement.

"I am motivated by the statute itself which says Courts in the interest of justice can exercise their discretion, and everything I have read and everything I have heard, I am not motivated to exercise my discretion to strike that punishment."

Defendant timely appealed.

While the appeal was pending, our Supreme Court issued its opinion in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), holding the 2018 amendment to section 12022.53, subdivision (h) gives trial courts the discretion to strike a firearm enhancement found true by the jury and to impose a *lesser uncharged* statutory enhancement instead. (*Tirado, supra*, at p. 692.) "To summarize: When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53[, subdivision] (d) enhancement, and the court determines that the section 12022.53[, subdivision] (d) enhancement should be struck or dismissed under section 12022.53[, subdivision] (h), the court may, under section 12022.53[, subdivision] (j), impose an enhancement under section 12022.53[, subdivisions] (b) or (c)." (*Tirado*, at p. 700.) "[T]he Legislature has permitted courts to impose the penalties under section 12022.53[, subdivisions] (b), (c), or (d) so long as the existence of facts required by the relevant subdivision has been alleged and found true." (*Tirado*, at p. 702.)

In so ruling, our Supreme Court resolved a split on the issue in the Courts of Appeal. (*Tirado, supra*, 12 Cal.5th at p. 696.)

3

DISCUSSION

Defendant contends we should (again) remand this matter because the trial court's discretion to impose a lesser firearm enhancement "was unclear at the time of sentencing," and the trial court's "somewhat ambiguous" comments at resentencing indicate the trial court "did not appear to recognize its ability to impose a lesser included offense."

The People disagree, contending "the record does not affirmatively demonstrate that the court failed to understand its discretion to impose the lesser firearm enhancement," and the trial court's statements at resentencing "indicate[ ] clearly that it was not inclined to impose any form of lesser punishment."

But in an unexpected twist, the People contend the sentence on count two is *unauthorized* as a statutory matter, and ask us to modify it (from a base term of seven years to a base term of 15 years to life imprisonment) and otherwise affirm the matter on appeal.

In his reply brief, defendant does not dispute that the sentence on count two is contrary to statute. But he contends the People effectively forfeited the issue by failing properly to plead it at trial, implicating due process concerns. Defendant further contends that if we do determine the sentence on count two must be modified, the case should be remanded to the trial court for a full resentencing.

We conclude the matter must be remanded for a full resentencing because the sentence on count two is unauthorized. That conclusion moots the parties' other contentions.

I

When the trial court sentenced defendant in 2015, section 186.22, subdivision (b) provided (and, except for very minor differences, still does today): "(1) Except as provided in paragraphs (4) and (5), a person who is convicted of a felony committed for the benefit of, at the direction of, or in association with a criminal street gang, with the

4

specific intent to promote, further, or assist in criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the person has been convicted, be punished as follows: [¶] . . . [¶] (4) A person who is convicted of a felony enumerated in this paragraph committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, *shall*, upon conviction of that felony, be sentenced to an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] . . . [¶] (B) Imprisonment in the state prison for 15 years, if the felony is . . . a felony violation of Section 246 . . . ." (§ 186.22, subd. (b)(1), (4), italics added.)

In *People v. Jones* (2009) 47 Cal.4th 566, our Supreme Court explained: "[A] violation of section 246 . . . by itself carries a maximum prison sentence of seven years. But when . . . the crime is committed to benefit a criminal street gang, the provision that comes into play is section 186.22[, subdivision] (b)(4), which calls for a term of life imprisonment (with a minimum parole eligibility of 15 years)." (*Jones, supra*, at p. 575.)

The parties agree that—rather than a term of 15 years to life, as mandated by section 186.22, subdivision (b)(4)—the trial court imposed a seven-year term for defendant's section 246 offense (count two), which was committed to benefit a criminal street gang. That unauthorized aspect of defendant's sentence is subject to judicial correction now, despite the possibility of more severe punishment. (See *In re Renfrow* (2008) 164 Cal.App.4th 1251, 1256.)

II

Defendant invokes *People v. Mancebo* (2002) 27 Cal.4th 735 in support of his argument that we "deny [the People's] claim that the sentence on Count 2 is unauthorized."

5

In *People v. Mancebo, supra*, 27 Cal.4th 735, our Supreme Court ruled the prosecution must allege "which qualifying circumstance or circumstances are being invoked for One Strike sentencing . . . ." (*Id*. at p. 752.) That result was due to the language of the One Strike law, which contained "express pleading and proof requirements" (*id*. at p. 739), and due process concerns of fair notice. (*Id*. at pp. 746-747, 751-752.) The court in *Mancebo* concluded that the trial court erred in sentencing the defendant under the One Strike law for an unpled multiple victim circumstance, even though the prosecution convicted the defendant of committing crimes against two women. (*Id*. at p. 753.) This was so because the prosecution's pleadings gave the defendant notice that gun use would be one of the circumstances supporting One Strike prison terms, but at sentencing the trial court substituted a multiple victim circumstance that was never alleged. (*Ibid*.)

Here, as defendant concedes (and in contrast to the statutory provision at issue in *Mancebo*), section 186.22 "contains no explicit pleading and proof requirements." Defendant nevertheless maintains section 1170.1, subdivision (e) and due process principles require the prosecution "to plead and prove the statutory basis for imposing gang enhancements."

Section 1170.1, subdivision (e) requires "[a]ll enhancements . . . be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." But section 1170.1, subdivision (e), is not germane here, as section 186.22, subdivision (b)(4) is an "alternate penalty provision," not an "enhancement." (*People v. Jones, supra*, 47 Cal.4th at p. 576; *id*. at p. 578 [the "difference between" an enhancement and an alternate penalty provision "is subtle but significant"].)

And while there is authority for the proposition that, strictly "[a]s a matter of due process, an alternative punishment provision must be pleaded and proved" (*People v. Sweeney* (2016) 4 Cal.App.5th 295, 301), due process was satisfied here because

6

defendant had sufficient notice of a potential sentence under section 186.22, subdivision (b)(4).

Count two of defendant's February 2014 information alleged he committed the offense "for the benefit of" and "with the specific intent to promote . . . criminal conduct by gang members, pursuant to . . . Section 186.22[, subdivision] (b)(1)." And, as noted above, section 186.22, subdivision (b)(1) provides that "[e]*xcept as provided in paragraphs (4)* and (5), a person who is convicted of a felony committed for the benefit of . . . a criminal street gang, with the specific intent to promote . . . criminal conduct by gang members, shall . . . be punished as follows . . . ." (Italics added.) Thus, because subdivision (b)(1) explicitly refers to subdivision (b)(4) as an exception to the shorter punishment that subdivision (b)(1) contemplates, defendant had sufficient notice of the longer possible prison term under subdivision (b)(4). (Cf. *People v. Zaldana* (2019) 43 Cal.App.5th 527, 535 [because the subdivision identified in the information "itself referr[ed] to" a *different* subdivision, "identifying it as an *exception* to the shorter . . . term," the defendant had constitutionally "adequate notice of the longer possible prison term" under the different subdivision], review granted Mar. 18, 2020, S259731.)

Accordingly, defendant has not provided a persuasive reason why his unauthorized sentence should be left in place.

                                        III

We agree with defendant that full resentencing is the proper remedy for his unauthorized sentence. (See *People v. Shaw* (2020) 56 Cal.App.5th 582, 588-589 ["remand[ing] for a full resentencing hearing as to all counts" in light of an unauthorized aspect of the defendant's sentence, citing *People v. Buycks* (2018) 5 Cal.5th 857, 893]; *People v. Zaldana, supra*, 43 Cal.App.5th at p. 536 [though the appellate court "ha[d] authority to correct [the defendant's] sentence (citation), the better course in th[e] case [was] to remand for resentencing," as the trial court "retain[ed] discretion" as to other aspects of the sentence]; *People v. Delgado* (2010) 181 Cal.App.4th 839, 855 [" 'It is

7

perfectly proper for this court to remand for a complete resentencing after finding an error with respect to part of a sentence' "].)

Because we remand for full resentencing, we need not address the parties' other arguments.

## DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing.


      KRAUSE       , J.


We concur:


      ROBIE       , Acting P. J.


      MAURO       , J.