[No. C055564. Third Dist. July 16, 2008.]

In re LEATHAN RENFROW on Habeas Corpus.

Counsel

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, John G. McLean and George M. Hendrickson, Deputy Attorneys General, for Appellant the State of California.

Rebecca P. Jones, under appointment by the Court of Appeal, for Respondent Leathan Renfrow.

Opinion

**SCOTLAND, P. J.**—When a trial court revokes and declines to reinstate probation after having imposed sentence but suspended its execution during the period of probation, the court "must order that exact sentence into effect" (*People v. Howard* (1997) 16 Cal.4th 1081, 1088 [68 Cal.Rptr.2d 870, 946 P.2d 828]; see Pen. Code, § 1203.2, subd. (c)). However, as we will explain, if the sentence was an unauthorized sentence, the trial court can order execution of the correct sentence whether it is more or less than the sentence previously imposed.

PROCEDURAL FACTS

Defendant Leathan Renfrow entered a negotiated plea of no contest to assault by means likely to produce great bodily injury and admitted a great bodily injury (GBI) enhancement. (Pen. Code, §§ 245, subd. (a)(1), 12022.7; further section references are to the Penal Code unless otherwise specified.) The trial court suspended imposition of sentence and placed defendant on formal probation.[1]

When defendant admitted violating a condition of probation, the trial court revoked probation, imposed the middle term of three years for the felony assault conviction, suspended execution of that sentence, and reinstated him on formal probation. The court did not mention the GBI enhancement.

Defendant later admitted violating a condition of probation by possessing a controlled substance. The prosecutor "agreed to a five-year disposition, low term [for the felony assault conviction] plus three years [for the GBI enhancement], for the Defendant's acknowledgement of guilt in this violation of probation." The trial court revoked probation, declined defendant's request

---

[1] At the People's request, we take judicial notice of the record in defendant's appeal from the order of probation, *People v. Renfrow* (Oct. 26, 2005, C048559) [nonpub. opn.]. (Evid. Code, § 452, subd. (d)(1).)

to strike the GBI enhancement, and ordered the execution of an aggregate term of five years (two years for felony assault and three years for the enhancement). Defendant appealed, and his appellate counsel filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) This court affirmed the judgment, stating: "Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant." (*People v. Renfrow, supra*, C048559.)

Defendant subsequently filed a petition for writ of habeas corpus, claiming the term of five years was "an unlawful increase" in the sentence that had been previously "imposed and suspended." Citing *People v. Howard, supra*, 16 Cal.4th 1081, the superior court held that the trial court "had no jurisdiction to change" the sentence of three years imposed and suspended after defendant's last violation of probation, and that defense counsel was ineffective for failing to object to the five-year term. Accordingly, the superior court granted the petition for writ of habeas corpus, deemed the GBI enhancement to have "been stricken," and ordered the clerk "to prepare an amended abstract of judgment showing the correct sentence to be the imposition of the mid term of three years on Count One for violation of Penal Code section 245(a)(1)."

The People appeal (§ 1506), arguing the trial court's failure to have imposed or dismissed the GBI enhancement when it suspended execution of sentence and reinstated probation "resulted in an unauthorized sentence which was properly corrected by the trial court at a later date."

## DISCUSSION

■ The error in this case began when, in May 2004, the trial court imposed sentence, suspended its execution, and reinstated probation. The problem is the court imposed sentence only on defendant's felony assault conviction and neglected to address the GBI enhancement that he had admitted. "The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction" (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391 [75 Cal.Rptr.2d 244]), even if the correction results in a harsher punishment (*People v. Serrato* (1973) 9 Cal.3d 753, 764 [109 Cal.Rptr. 65, 512 P.2d 289], disapproved on another point in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144]; *In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13]; *People v. Solórzano* (2007) 153 Cal.App.4th 1026, 1040–1041 [63 Cal.Rptr.3d 659]).

The trial court corrected its error when, in December 2004, it revoked probation, declined to strike the GBI enhancement, and ordered execution of sentence for both the felony assault conviction and the enhancement.

In granting defendant's petition for writ of habeas corpus, the superior court (habeas corpus court) held that the trial court's correction of its earlier sentencing error was error itself. This was so, the habeas corpus court concluded, because "[u]nder the authority of *People versus Howard*[, *supra*, 16 Cal.4th at p. 1088], the [trial court] only could have ordered into execution the three-year suspended prison term." Thus, the habeas corpus court deemed the GBI enhancement to have "been stricken," and ordered into effect the middle term of three years previously imposed but suspended for the felony assault conviction.

As we will explain, it is the habeas corpus court that got it wrong.

■ In order to strike an enhancement "in the furtherance of justice" (§ 1385, subd. (c)(1)), a trial court must set forth, on the record, its reasons for doing so. (§ 1385, subds. (a), (c)(1); *People v. Orin* (1975) 13 Cal.3d 937, 944–945 [120 Cal.Rptr. 65, 533 P.2d 193].) That did not occur in this case when, in May 2004, the trial court granted defendant probation after imposing sentence, suspending execution thereof, but neglecting to address the GBI enhancement. Thus, the habeas corpus court erred in deeming the GBI enhancement to have been stricken. (See *People v. Chagolla* (1983) 144 Cal.App.3d 422, 434–435 [193 Cal.Rptr. 711].)[2]

The habeas corpus court also erred in ruling that *People v. Howard, supra*, 16 Cal.4th at page 1088 (hereafter *Howard*) required the trial court to order execution of only the three-year middle term it had imposed but suspended during probation.

■ *Howard* held that "section 1203.2, subdivision (c), and [former] rule 435(b)(2) [of the California Rules of Court (now rule 4.435(b)(2))], by their terms, limit the court's power in situations in which the court chose to impose sentence but suspended its execution pending a term of probation. On revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect [citations], subject to its possible recall under section 1170, subdivision (d), *after* defendant has been committed to custody." (*Howard, supra*, 16 Cal.4th at p. 1088, original italics.)[3]

---

[2] Citing mitigating circumstances, defendant argues the record "indicates a clear intention by the [trial court] to exercise leniency" by not imposing the GBI enhancement. This not only would run afoul of section 1385, subdivisions (a) and (c)(1), the People correctly respond that the record does not support defendant's claim. As the People point out, it is likely that the trial court "simply overlooked" the GBI enhancement.

[3] Section 1203.2, subdivision (c) states in pertinent part: "Upon any revocation and termination of probation the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been

■ However, *Howard*—and the statute and rule of court upon which it relied—governs a *lawful sentence* imposed and suspended pending the completion of probation. It did not address an unauthorized sentence that was imposed but suspended. Therefore, contrary to the habeas corpus court's ruling, *Howard* is not controlling because an appellate decision is authority "only 'for the points actually involved and actually decided.' [Citations.]" (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 [71 Cal.Rptr.2d 830, 951 P.2d 399].)

■ Long before *Howard*, the California Supreme Court held that an unauthorized sentence "is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*People v. Serrato, supra*, 9 Cal.3d at p. 764; see also *In re Ricky H., supra*, 30 Cal.3d at p. 191; *People v. Solórzano, supra*, 153 Cal.App.4th at pp. 1040–1041.) Indeed, "the prosecution may raise for the first time on appeal or in connection with a defendant's habeas corpus petition the question of whether a sentence was unauthorized by law." (*People v. Irvin* (1991) 230 Cal.App.3d 180, 190 [281 Cal.Rptr. 195].)

Because "an unauthorized sentence" is "subject to judicial correction when it ultimately [comes] to the attention of the trial court or [reviewing] court" (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044–1045 [108 Cal.Rptr.2d 291, 25 P.3d 519]), the trial court in this case acted properly in December 2004 by correcting its earlier unauthorized sentence that had failed to impose or strike the GBI enhancement. (Cf. *In re Robinson* (1956) 142 Cal.App.2d 484, 485–486 [298 P.2d 656] [execution of an unauthorized sentence of one year in the county jail was suspended during probation; when probation was revoked, the court properly imposed and executed "the only legally proper sentence," a commitment to state prison for the term prescribed by law].)[4]

---

sentenced. *However, if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect. . . .*" (Italics added.)

California Rules of Court, rule 4.435(b)(2) states: "If the execution of sentence was previously suspended, the judge must order that the judgment previously pronounced be in full force and effect and that the defendant be committed . . . for the term prescribed in that judgment."

[4] Defendant makes no claim, nor is there any basis in the record for a claim, that the trial court abused its discretion in refusing to strike the GBI enhancement pursuant to section 1385, subdivision (c)(1).

To the extent the trial court executed a two-year sentence for the felony assault conviction, rather than the three-year term it had imposed and suspended during probation, the People do not complain—nor could they because the prosecutor agreed to the two-year term as a condition of the negotiated plea by which defendant admitted, rather than contested, the probation violation; and the judgment was affirmed by this court and had become final but for the habeas court's erroneous ruling.

Accordingly, the habeas corpus court also erred in concluding that defendant's trial counsel was ineffective in failing to object, based on *Howard*, to the imposition and execution of the term of three years for the GBI enhancement. (*People v. Constancio* (1974) 42 Cal.App.3d 533, 546 [116 Cal.Rptr. 910] ["It is not incumbent upon trial counsel to advance meritless arguments or to undertake useless procedural challenges merely to create a record impregnable to assault for claimed inadequacy of counsel."].)

### DISPOSITION

The order granting defendant's habeas corpus petition is reversed, and the habeas corpus court is directed to deny the writ petition.

Sims, J., and Robie, J., concurred.

Petitioner's petition for review by the Supreme Court was denied October 22, 2008, S166197. Werdegar, J., did not participate therein.