Filed 12/10/20  P. v. Gutierrez CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306071 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA063723) |
| v. | |
| JOSE JESUS GUTIERREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Reversed and remanded.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Michael R. Johnsen, Deputy Attorneys General.

* * * * * *

Jose Jesus Gutierrez (defendant) argues that the trial court erred in declining to consider whether to exercise its newly conferred discretion to strike his firearm enhancements at a hearing to correct defendant's unauthorized sentence. Because this new discretion "applies to *any* resentencing that may occur pursuant to any other law" (Pen. Code, § 12022.53, subd. (h)),[1] the trial court erred in not considering defendant's request to strike his firearm enhancements. Accordingly, we remand for the trial court to do so.

**FACTS AND PROCEDURAL BACKGROUND**

## I.      Facts

In February 2002, defendant was a member of the Victoria Park Locos street gang. On February 1, defendant shot two members of the rival Victoria Park Crips gang; he wounded but did not kill them. The next night, defendant shot two other men; he wounded one and killed the other.

## II.      Procedural Background

### A.      *Prosecution, trial and original sentence*

The People charged defendant with one count of murder (§ 187, subd. (a)) and three counts of attempted premeditated murder (§§ 187, subd. (a), 664, subd. (a)). As to each count, the People alleged that defendant personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)), personally and intentionally discharged a firearm (*id.*, subd. (c)), and personally used a firearm (*id.*, subd. (b)). The People further alleged that defendant committed these crimes to benefit a criminal street gang (§ 186.22, subd. (b)).

---

1      All statutory references are to the Penal Code unless otherwise indicated.

2

A jury convicted defendant of second degree murder and all three counts of attempted premeditated murder, found the firearm enhancements true as to all counts and the gang enhancement true as to the attempted murder counts.

In the aggregate, the trial court sentenced defendant to prison for four terms of life imprisonment plus an additional 70 years. More specifically, the court imposed a sentence of life plus 25 years on the murder count, comprised of a base term life sentence (with a minimum 15 year term) plus 25 years for the firearm enhancement. The court then imposed a consecutive life sentence plus 35 years for one of the attempted murder counts, with life as the base term plus 25 years for the firearm enhancement and 10 years for the gang enhancement. The court then imposed a consecutive life sentence plus 10 years on another of the attempted murder counts, with life as the base term plus 10 years for the gang enhancement; on this count, the court ran the 25-year firearm enhancement consecutively. The court lastly imposed a consecutive life sentence on the third attempted murder count, but ran both the 25-year firearm and 10-year gang enhancements concurrently.

**B.    *Appeal and resentencing on remand***

Defendant appealed his sentence. In April 2004, this court affirmed his convictions but concluded that the trial court erred in imposing additional 10 year sentences for the gang enhancements because, as applied here, the enhancement merely prescribes a minimum parole period of 15 years on the underlying life sentence.

On remand, the trial court imposed an aggregate sentence of four life terms plus 50 years. More specifically, the court once again imposed a sentence of life plus 25 years on the murder

3

count, comprised of a life sentence (with a minimum 15 year term) as the base term plus 25 years for the firearm enhancement. The court then imposed a consecutive life sentence plus 25 years for one of the attempted murder counts, with life (with a minimum 15 year term) as the base term plus 25 years for the firearm enhancement. The court imposed consecutive life sentences on the remaining two attempted murders counts (each with a minimum 15 year term); the court ran the 25-year firearm enhancement for each of these counts concurrently.

C. *Letter from California Department of Corrections and second resentencing*

In November 2017, the California Department of Corrections (the Department) sent a letter to the trial court explaining that its imposition of *concurrent* 25-year sentences for the firearm enhancement on two of the attempted murder counts "may be . . . error" because section 12022.53 requires the imposition of *consecutive* terms for that enhancement.

In February 2020, the trial court held a hearing to correct defendant's sentence. Prior to and at the hearing, defendant asked the court to exercise its newly conferred discretion to "strike or dismiss" all four of the firearm allegations. A court's discretion to do so had been added by Senate Bill 620, which took effect on January 1, 2018. (Stats. 2017, ch. 682, § 2.) The trial court declined defendant's request, reasoning that it was "just correcting the abstract" of judgment and thus had no jurisdiction to consider his request.

The court then imposed an aggregate sentence of four life terms plus 100 years. More specifically, the court once again imposed a sentence of life plus 25 years on the murder count, comprised of a life sentence (with a minimum 15 year term) as the base term plus 25 years for the firearm enhancement. The

4

court then imposed three consecutive life sentences plus 25 years for each of the attempted murder counts, with life (with a minimum 15 year term) as the base term plus 25 years for the firearm enhancement.

**D.** *Appeal*

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in determining that it lacked jurisdiction to consider whether to strike the firearm enhancements pursuant to Senate Bill 620. The People agree that the trial court erred. We do as well, but for different reasons than the parties.

As a threshold matter, we disagree with the parties as to the basis for the trial court's jurisdiction to conduct the February 2020 resentencing. Although a trial court generally lacks jurisdiction to resentence a criminal defendant after execution of that sentence commences (*People v. Karaman* (1992) 4 Cal.4th 335, 344), a trial court retains the jurisdiction to "recall [a] sentence and commitment previously ordered and [to] resentence the defendant" "upon the recommendation of" the Department. (§ 1170, subd. (d)(1); *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) However, this jurisdiction only exists if "the new sentence . . . *is no greater than the initial sentence.*" (§ 1170, subd. (d)(1), italics added*; People v. Hill* (1986) 185 Cal.App.3d 831, 834; *People v. Torres* (2008) 163 Cal.App.4th 1420, 1432-1433.) Here, the trial court's sentence of four life terms plus 100 years is greater than its previously imposed sentence of four life terms plus 50 years. Thus, the court *could not* have been acting pursuant to section 1170, subdivision (d)(1)'s grant of jurisdiction, and the parties' argument that it was is therefore incorrect.

5

Instead, we find that the court was properly correcting an "unauthorized sentence"—that is, a sentence that "could not lawfully be imposed" (*People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Cunningham* (2001) 25 Cal.4th 926, 1044-1045)—for which a trial court always retains jurisdiction.  Such jurisdiction exists even if the corrected sentence ends up being, as it was here, "more severe than the original unauthorized pronouncement."  (*People v. Serrato* (1973) 9 Cal.3d 753, 764, overruled on other grounds as stated in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; *In re Renfrow* (2008) 164 Cal.App.4th 1251, 1256.)

Because a trial court exercising its jurisdiction to correct an unauthorized sentence is "vacat[ing]" the prior sentence and "resentencing" the defendant to a new and "proper" sentence (*People v. Massengale* (1970) 10 Cal.App.3d 689, 693; *People v. Irvin* (1991) 230 Cal.App.3d 180, 192-193), defendant is entitled to have the trial court consider his request to exercise its newfound discretion to strike his firearm enhancements.  That is because section 12022.53 expressly provides that the newly conferred "authority" to "strike or dismiss a[ firearm] enhancement [imposed under section 12022.53]" "in the interest of justice" "applies to *any resentencing* that may occur pursuant to any other law."  (§ 12022.53, subd. (h), italics added.)  Suffice it to say, "any" means "any."  (*Santa Clarita Organization for Planning & the Environment v. Abercrombie* (2015) 240 Cal.App.4th 300, 312.)  Thus, the trial court was required to consider the defendant's request, and erred in refusing to do so.  What is more, because the People alleged—and the jury found— all three firearm enhancements set forth in subdivisions (b), (c) and (d) of section 12022.53, the court has the discretion to choose

which of those enhancements, if any, it will impose for each count.  (Cf. *People v. Garcia* (2020) 46 Cal.App.5th 786, 790-792 [trial court lacks jurisdiction to substitute lesser enhancements under section 12022.53 when they were neither alleged nor found by the trier of fact].)  Our analysis obviates the need for us to address the parties' remaining arguments based on the application of section 1170, subdivision (d)(1).

## DISPOSITION

The case is remanded so that the trial court may consider, under the discretion now conferred by section 12022.53, subdivision (h), whether to dismiss or reduce any of the four firearm enhancements imposed in this case.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.

HOFFSTADT


We concur:


_____, P. J.

LUI


_____, J.

ASHMANN-GERST