Filed 10/17/22 P. v. Singh CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HARWINDER SINGH,<br><br>    Defendant and Appellant. | H048065<br>(Santa Clara County<br>Super. Ct. No. C1774266) |

In January 2019, defendant Harwinder Singh pleaded no contest to committing a lewd or lascivious act on a child under the age of 14. (Pen. Code, § 288, subd. (a).[1]) In August 2019, the trial court suspended imposition of sentence and placed Singh on formal probation for a period of three years. The court ordered Singh to pay various fines, fees, and assessments, including a criminal justice administration fee and a monthly probation supervision fee. In January 2020, the trial court modified the conditions of Singh's probation to add conditions related to his use of electronic devices, social media/networking, e-mail, and the Internet (collectively "electronics conditions"). Singh appealed from the trial court's order modifying his probation.

---

[1] Unspecified statutory references are to the Penal Code.

In this court, Singh contends that we should order the trial court to file an amended minute order reflecting the electronics conditions as they were actually pronounced by the trial court at the probation modification hearing. Singh also requests that we direct the trial court to modify its original sentencing minute order, pursuant to Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill 1869), to strike the criminal justice administration fee and the probation supervision fee and further direct the trial court to vacate the portion of its order authorizing collection of any unpaid debt related to those fees. The Attorney General mainly agrees with Singh.[2]

For the reasons explained below, we affirm the trial court's order modifying Singh's probation and remand the matter to the trial court with directions to correct the January 2020 minute order for that modification and to amend the August 2019 sentencing minute order to reflect the vacatur of any balance of the criminal justice administration fee and the probation supervision fee that remained unpaid as of July 1, 2021.

## I.  PROCEDURAL BACKGROUND[3]

On June 28, 2018, the Santa Clara County District Attorney filed an information charging Singh with two counts of committing a lewd or lascivious act on a child under the age of 14 (§ 288, subd. (a); counts 1 & 2).

---

[2] In his opening brief, Singh also contends that the trial court acted in excess of its jurisdiction when modifying his probation to include the electronics conditions and otherwise erred because those conditions are unconstitutionally overbroad and unreasonable. However, in his reply brief, Singh withdraws this claim as moot because he completed his three-year term of probation on August 22, 2022. Hence, we do not consider Singh's challenge to the electronics conditions. (See *People v. Moran* (2016) 1 Cal.5th 398, 408, fn. 8; see also *People v. DeLeon* (2017) 3 Cal.5th 640, 645.)

[3] We do not state the facts regarding Singh's offense because they are not relevant to the issues raised in this appeal.

On January 14, 2019, pursuant to a plea agreement, Singh pleaded no contest to count 1. The trial court submitted count 2 for dismissal at sentencing, pursuant to the plea agreement.

On August 23, 2019, the trial court suspended imposition of sentence and placed Singh on three years of formal probation with various conditions, including serving 72 days in county jail. The court also imposed several fines, fees, and assessments, including a $129.75 criminal justice administration fee (CJAF) and a probation supervision fee of $50 per month.[4] Singh told the court that he accepted the terms and conditions of his probation. Singh did not appeal from the sentencing order.[5]

About five months later, on January 10, 2020, Singh's probation officer filed a request with the trial court asking it to modify Singh's probation to include seven electronics conditions. On January 24, 2020, the trial court held a hearing on the request and, over defense objections, modified Singh's probation by adding several electronics conditions. Singh told the court that he accepted the modification. The clerk's minute order for the modification hearing indicates that the original terms and conditions of Singh's probation remained in effect as modified. That same day, Singh filed an appeal from the trial court's modification order.

Later, Singh's probation officer requested that the trial court transfer Singh's probation to San Joaquin County because Singh had moved there. On March 16, 2021, the court granted the transfer. The corresponding clerk's minute order notes the following in the fines and fees section: "F + F paid." Similarly, the probation

---

[4] Although not specified by the trial court, we presume the court imposed the CJAF pursuant to Government Code former section 29550 et seq. and the probation supervision fee pursuant to former section 1203.1b.

[5] Although not discussed on the record at the sentencing hearing, the clerk's sentencing minute order indicates that the trial court dismissed count 2 upon the district attorney's motion.

department's transfer report states that Singh "currently owes $0.00 in Court ordered fines and fees."

## II. DISCUSSION

A. *Minute Order Regarding the Modification of Probation*

Singh contends that the clerk's minute order for the January 24, 2020 modification hearing does not accurately reflect the electronics conditions that were orally pronounced by the trial court. Singh asks us to rectify this discrepancy by striking the minute order and directing the trial court to file an amended minute order reflecting the court's oral pronouncement. The Attorney General agrees that the minute order does not conform to the oral pronouncement and should be amended to accord with the stated probation conditions.

Upon comparing the typewritten electronics conditions attached to the clerk's January 24, 2020 minute order (i.e., condition Nos. 12–14, 18, 20–21) against the electronics conditions verbally stated by the court at the modification hearing, we agree that the clerk's minute order does not accurately reflect the court's oral pronouncement of the electronics conditions.[6]

---

[6] At the modification hearing, the trial court modified Singh's probation conditions to require the following electronics conditions: (1) The defendant "shall, as a condition of probation o[r] mandatory supervision, give specific consent as that term is defined in Penal Code Section 1536 to any peace officer or law enforcement agency . . . [¶] [t]o seize and search all electronic devices, including but not limited to cellular telephones, computers or notepads in his possession or under his control to search of any text messages, voice mail messages, call logs, photographs, e-mail accounts, social media accounts, including but not limited to Facebook, Instagram, Twitter, Snapchat or any other site which the probation officer informs him of and/or applications or apps pertaining [to] those accounts at any time with or without a warrant." (2) The defendant "shall further agree and specifically consent to provide all passwords necessary to access or search such electronic devices including but not limited to cellular telephones, computers, and notepads and understand that refusal to provide the password will potentially constitute a violation of the terms of his probation or mandatory supervision based on these orders." (3) "The defendant's computer and all other electronic devices

4

Notwithstanding that Singh has already completed his probationary term, we will direct the trial court to correct its minute order to ensure that the court's records, which have may future consequences for Singh, are accurate. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 385, 387–389; *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Eddards* (2008) 162 Cal.App.4th 712, 717–718; see also *People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368–1369.)

B. *CJAF and Probation Supervision Fee*

Singh contends that we should direct the trial court to modify its August 23, 2019 sentencing minute order to strike the $129.75 CJAF (Gov. Code, former § 29550.1) and the $50 per month probation supervision fee (former § 1203.1b), pursuant to Assembly Bill 1869. He further requests that we direct the trial court to vacate the portion of its order authorizing collection of any unpaid debt related to those fees.

The Attorney General responds that Singh is entitled to vacatur of any unpaid balance of the CJAF and the probation supervision fee as of July 1, 2021.

" 'On September 18, 2020, the Governor signed Assembly Bill [No.] 1869 . . . [¶] . . . [which] abrogated the authority to impose and collect 23 different administrative fees, including, as relevant here, the probation supervision fee and the criminal justice administration fee.' [Citation.] Assembly Bill No. 1869 (2019-2020 Reg. Sess.) added section 1465.9 to the Penal Code and section 6111 to the Government Code. [Citation.] Relevant to the probation supervision fee, current section 1465.9, subdivision (a),

including, but not limited to cellular telephones[,] laptop computers or notepads shall be subject to forensic analysis search by any peace officer or law enforcement agency at any time with or without a warrant." (4) "[T]he defendant shall not knowingly enter any social media networking sites, including but not limited to Facebook, Instagram, Twitter, Snapchat or any other site which the probation officer informs him of[,] and/or apps or applications pertaining to said accounts nor post any ads either electronic or written unless approved by the probation officer." (5) "The defendant shall report all personal e-mail addresses used to the probation officer within five days." (6) "[T]he defendant shall not clean or delete [I]nternet browsing activity and must keep a minimum of four weeks of history for potential review."

5

provides that '[t]he balance of any court-imposed costs pursuant to' former section 1203.1b, as that section 'read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated.' [Citation.] 'Relevant to the criminal justice administration fee, Government Code section 6111 provides, "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to [Government Code] [s]ection 27712, subdivision (c) or (f) of [Government Code] [s]ection 29550, and [Government Code] [s]ections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." ' " (*People v. Rowland* (2022) 82 Cal.App.5th 1099, 1124–1125, fn. omitted (*Rowland*).)

Assembly Bill 1869 was neither effective nor operative at the time the trial court initially granted Singh probation (August 23, 2019) or when it later modified his probation to add the electronics conditions (January 24, 2020). (See Stats. 2020, ch. 92, §§ 11, 62, 69.) Singh's current appeal was timely taken from the order modifying his probation. The Attorney General makes no argument that Singh's failure to appeal from the initial August 23, 2019 sentencing proceeding at which the trial court imposed the CJAF and probation supervision fee affects our jurisdiction to review Singh's current claim or renders his current request under subsequently enacted Assembly Bill 1869 untimely.

This court has stated that "by its plain terms the ameliorative changes of Assembly Bill 1869 apply retroactively to make any unpaid portion of the identified assessments, as they existed on June 30, 2021, 'unenforceable and uncollectible' as of July 1, 2021." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626; see also *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953 [stating that Assembly Bill 1869 "indicates a legislative intent to extend the ameliorative changes in the law regarding the imposition of administrative fees to individuals serving both final and nonfinal sentences, but only to

6

the extent of relieving those individuals of the burden of any debt that remains unpaid on and after July 1, 2021"].)

Under these circumstances, we decide that we have jurisdiction to consider Singh's claim regarding the CJAF and probation supervision fee under Assembly Bill 1869. (See *In re Renfrow* (2008) 164 Cal.App.4th 1251, 1256; see also *People v. Preston* (2015) 239 Cal.App.4th 415, 425.) We further conclude that, under Government Code section 6111 and section 1465.9, any unpaid balance of the criminal justice administration fee and probation supervision fee is unenforceable and uncollectible, and the portion of the judgment imposing those fees must be vacated. (See *Rowland*, *supra*, 82 Cal.App.5th at p. 1125.) Furthermore, the record is not clear whether any of these fees remain unpaid. Thus, we will direct the trial court to prepare an amended minute order reflecting the vacatur of the portion of the $129.75 criminal justice administration fee and the $50 monthly probation supervision fee that remained unpaid as of July 1, 2021.

### III. DISPOSITION

The trial court's January 24, 2020 order modifying probation is affirmed. The matter is remanded to the trial court with the following directions:

(1) Correct the minute order for January 24, 2020, to strike the typewritten conditions numbered 12–14, 18, 20–21, and replace them with the following orally pronounced probation conditions:

(a) The defendant shall, as a condition of probation or mandatory supervision, give specific consent as that term is defined in Penal Code Section 1536 to any peace officer or law enforcement agency to seize and search all electronic devices, including but not limited to cellular telephones, computers or notepads in his possession or under his control to search of any text messages, voice mail messages, call logs, photographs, e-mail accounts, social media accounts, including but not limited to Facebook, Instagram,

7

Twitter, Snapchat or any other site which the probation officer informs him of and/or applications or apps pertaining to those accounts at any time with or without a warrant.

(b) The defendant shall further agree and specifically consent to provide all passwords necessary to access or search such electronic devices including but not limited to cellular telephones, computers, and notepads and understand that refusal to provide the password will potentially constitute a violation of the terms of his probation or mandatory supervision based on these orders.

(c) The defendant's computer and all other electronic devices including, but not limited to cellular telephones, laptop computers or notepads shall be subject to forensic analysis search by any peace officer or law enforcement agency at any time with or without a warrant.

(d) The defendant shall not knowingly enter any social media networking sites, including but not limited to Facebook, Instagram, Twitter, Snapchat or any other site which the probation officer informs him of, and/or apps or applications pertaining to said accounts nor post any ads either electronic or written unless approved by the probation officer.

(e) The defendant shall report all personal e-mail addresses used to the probation officer within five days.

(f) The defendant shall not clean or delete Internet browsing activity and must keep a minimum of four weeks of history for potential review.

(2) Amend the August 23, 2019 minute order to vacate the portion of the $129.75 criminal justice administration fee and the $50 monthly probation supervision fee that remained unpaid as of July 1, 2021.

_____
                          Danner, J.

WE CONCUR:


_____
Bamattre-Manoukian,  Acting P.J.




_____
Wilson,  J.




**H048065**
*People v. Singh*