Filed 9/18/24  P. v. Collins CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BOBBY LEWIS COLLINS,<br><br>    Defendant and Appellant. | D083264<br><br><br>(Super. Ct. No. FVI19002362) |


APPEAL from a judgment of the Superior Court of San Bernardino County, John Peter Vander Feer, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christine Y. Friedman and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.


Bobby Lewis Collins appeals the judgment resentencing him to the same prison term after we vacated his original sentence in a prior appeal and

remanded the matter to allow the trial court to apply amendments to sentencing statutes that took effect while the prior appeal was pending. Collins contends the trial court abused its discretion by refusing to dismiss a five-year enhancement for a prior serious felony conviction that was older than five years. We disagree and affirm the judgment on resentencing.

BACKGROUND

In August 2019, Collins, who has a black belt in jujutsu, was offended by something Michael W. said and beat him to the point of unconsciousness. Michael suffered facial cuts, a chipped tooth, severe injuries to his nose and left eye, head trauma, and bruised ribs. Michael took pain medication for more than two months after the attack, and at the time of trial he still experienced dizziness and visual problems.

A jury found Collins guilty of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); undesignated section references are to this code), and found true an allegation that in committing the assault he personally inflicted great bodily injury on a person other than an accomplice (§ 12022.7, subd. (a)). In a separate bench trial, the court found Collins had a conviction of first degree burglary in 2001, which constituted a serious felony for purposes of a five-year enhancement (§ 667, subd. (a)(1)) and a strike for purposes of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12). The court sentenced Collins to an aggregate prison term of 16 years, which consisted of the upper term of four years for the assault conviction (§ 245, subd. (a)(4)), which was doubled to eight years based on the prior strike conviction (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), plus consecutive terms of three years for the great bodily injury enhancement (§ 12022.7, subd. (a)) and five years for the prior serious felony conviction (§ 667, subd. (a)(1)).

While Collins's appeal of the judgment of conviction was pending, statutory amendments took effect that restricted courts' discretion to impose upper prison terms and specified mitigating factors courts must consider when deciding whether to dismiss enhancements. We vacated the sentence and remanded the matter for full resentencing so that the trial court could apply the amendments.

After the remittitur issued, the People filed a resentencing brief in which they urged the trial court to reimpose the same 16-year prison term imposed at the original sentencing hearing. They argued Collins's vicious beating of the victim and history of violent crimes warranted imposition of the upper term on the conviction of assault by means of force likely to produce great bodily injury. The People also argued that although the age of Collins's prior first degree burglary conviction weighed greatly in favor of dismissal, the court should not exercise its discretion to dismiss the associated five-year enhancement because his current and prior crimes indicated dismissal would endanger public safety. The record on appeal contains no resentencing brief from Collins.

At a resentencing hearing held on October 5, 2023, Collins's counsel argued that because the court at the original sentencing hearing had imposed the upper term on the conviction of assault by means of force likely to produce great bodily injury based largely on the victim's injuries, the court should impose the upper term on the conviction and strike the attached great bodily injury enhancement, or, alternatively, impose both the middle term and the enhancement. Counsel asked the court to exercise its discretion to strike the five-year enhancement for the prior serious felony conviction, because it was more than five years old and would be used to punish Collins for recidivism under the Three Strikes law. The People urged the court to

3

resentence Collins to the same aggregate 16-year prison term it had imposed at the original sentencing hearing, based on the severity of the assault on the victim and Collins's criminal record, which included multiple convictions involving different victims and multiple parole and probation violations.

The court stated it had reviewed and considered the probation officer's report prepared for the original sentencing hearing.[1] The court acknowledged "its wide range of discretion" on whether to impose the upper, middle, or lower term on the assault conviction and whether to strike the great bodily injury enhancement and the prior serious felony conviction enhancement. Based on the "viciousness" of the crime, the "severity" of the injuries inflicted, Collins's "lack of remorse" (as indicated by his testimony at trial to the effect that "he was justified" in "beating the victim to a pulp"), and his "prior record," the court found this was not an "exceptional case warranting striking of the [prior] strike [conviction]" and it was "not in the interest of the justice" to strike the five-year enhancement for the prior serious felony conviction. The court thus denied Collins's request to strike the 2001 first degree burglary conviction for sentencing purposes. Based on Collins's numerous prior convictions, poor performance on parole and probation, and the lack of any mitigating factors, the court sentenced Collins to the upper term of four years on the assault conviction, which it doubled to eight years based on the prior strike conviction. The court found Collins

---

[1] The probation officer's report listed 12 prior convictions from 1983 through 2017, including petty theft (two different incidents), trespass, second degree burglary, possession of a firearm by a felon, possession of a controlled substance, vandalism, battery, attempted petty theft, first degree burglary, assault with a deadly weapon, and criminal threats. The report also listed three prior prison terms, one probation revocation, and four parole violations. According to the report, Collins was on probation for the criminal threats conviction when he committed the current assault.

4

inflicted severe injuries on the victim and there was no justification not to impose the three-year great bodily injury enhancement. The court resentenced Collins to the same 16-year prison term it had imposed at the original sentencing hearing.

DISCUSSION

Collins challenges the trial court's refusal to dismiss the five-year enhancement for his prior serious felony conviction. He contends the court did not give the statutorily required "great weight" to the mitigating circumstance that the conviction was more than five years old in considering whether to dismiss it. (§ 1385, subd. (c)(2)(H).) Collins also contends that in refusing to dismiss the enhancement the court did not make the statutorily required finding that dismissal "would endanger public safety." (*Id.*, subd. (c)(2).) He asks us to remand the matter to the trial court "for one more attempt to get his sentence in line with the recent changes that have been made with the object of reducing a prison population of aging inmates who are needlessly being warehoused for multiple-year terms without any foreseeable benefits commensurate with the costs of their incarceration."

Section 1385, subdivision (c)(1) authorizes a court to dismiss an enhancement "if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." "In exercising its discretion under this subdivision, the court shall afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present." (*Id.*, subd. (c)(2).) Proof of such circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal . . . would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious

5

danger to others." (*Ibid.*) Hence, "[p]ursuant to section 1385, subdivision (c)(2), absent a finding that dismissal would endanger public safety, a court must assign significant value to the enumerated mitigating circumstances when they are present. In practice, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1038 (*Walker*).)

We review a court's decision on whether to dismiss an enhancement under section 1385 for abuse of discretion. (*People v. Williams* (1998) 17 Cal.4th 148, 162; *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225; *Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.) Such an abuse occurs when the court "was not 'aware of its discretion' to dismiss," "considered impermissible factors in declining to dismiss," or made a decision that "is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377–378 (*Carmony*); accord, *Nazir*, at p. 490.) The party attacking the court's sentencing decision has the burden to show an abuse of discretion, and absent such a showing the decision will be upheld. (*Carmony*, at pp. 376–377; *People v. Pearson* (2019) 38 Cal.App.5th 112, 116.)

In support of his contention the trial court abused its discretion in refusing to dismiss the five-year enhancement for his prior serious felony conviction, Collins relies on the mitigating circumstance that "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(H).) He faults the court for "simply ignor[ing]" the

6

Legislature's direction to give that circumstance "great weight" in exercising its discretion to dismiss the enhancement (*id.*, subd. (c)(2)) and for imposing the enhancement without making what he considers a "required finding" that dismissal "would endanger public safety" (*ibid*). Collins argues these failures warrant remand for another resentencing. We disagree.

Collins cites no authority that obligates a court expressly to state that it gave a mitigating circumstance "great weight" or that dismissal of an enhancement "would endanger public safety" before it imposes an enhancement it has discretion to dismiss. (§ 1385, subd. (c)(2).) Section 1385 requires a statement of reasons when a court dismisses an enhancement in furtherance of justice, but not when it declines to do so. (*Id.*, subd. (a); *In re Large* (2007) 41 Cal.4th 538, 550; *People v. Brugman* (2021) 62 Cal.App.5th 608, 637 (*Brugman*); *In re Renfrow* (2008) 164 Cal.App.4th 1251, 1255.) The record indicates the court was aware of its discretion to dismiss the five-year enhancement based on the age of the prior serious felony conviction. At the resentencing hearing, Collins's counsel told the court the conviction occurred in 2001, and the probation officer's report, which the court reviewed, listed the date. Both parties advised the court the age of the conviction weighed greatly in favor of dismissal of the enhancement, and the court acknowledged "its wide range of discretion in this case." Although the court did not expressly state that it gave great weight to the age of the prior conviction or that dismissal of the enhancement would endanger public safety, we presume it acted in accordance with section 1385 when it refused to dismiss the enhancement. (See *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [" 'a trial court is presumed to have been aware of and followed the applicable law' "]; *People v. Kelly* (2018) 28 Cal.App.5th 886, 904 ["When there is no 'explicit

ruling by the trial court at sentencing, we infer that the court made the finding appropriate to the sentence it imposed' "].)

We reject Collins's contention that "if the court were not going to dismiss a two-decade old prior conviction enhancement then the court had to make a finding that dismissal of the enhancement *would endanger public safety*." Our Supreme Court recently explained that in the absence of such a finding, the statute "does not 'presume' [citation] an enhancement should be dismissed whenever an enumerated mitigating circumstance is present, but instead 'the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement' [citation] and this 'furtherance of justice' [citation] inquiry requires a trial court's ongoing exercise of 'discretion.' " (*Walker, supra*, 16 Cal.5th 1024 at p. 1033) If the court does not find dismissal of an enhancement would endanger public safety, "the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id.* at p. 1036) The countervailing factors a court may consider include the aggravating circumstances listed in rule 4.421 of the California Rules of Court, as well as the nature and circumstances of the current crime and the defendant's background, character, and prospects. (*People v. Williams* (1998) 17 Cal.4th 148, 161; *People v. Yanaga* (2020) 58 Cal.App.5th 619, 626–627; Advisory Com. com. to Cal. Rules of Court, rule 4.428.)

The trial court expressly found dismissal of the five-year enhancement for Collins's 2001 first degree burglary conviction was not in furtherance of justice based on several factors. As to the nature and circumstances of the

8

current conviction, the court found the assault involved "viciousness" and "great bodily harm" to the victim. (Cal. Rules of Court, rule 4.421(a)(1).) As to Collins's background, character, and prospects, the court found he had numerous prior convictions, served multiple prior prison terms, performed poorly on probation and parole (see fn. 1, *ante*), and lacked remorse. (*Id.*, rule 4.421(b)(2)–(5), (c); *People v. Galindo* (1991) 229 Cal.App.3d 1529, 1539.) In making these findings, the court relied on testimony, photographs, and certified prior conviction records presented at trial, and on the probation officer's report. (See *People v. Carter* (2019) 34 Cal.App.5th 831, 843 [court may consider evidence presented at trial in making discretionary sentencing choices]; *People v. Jackson* (1978) 78 Cal.App.3d 533, 542 [sentencing court may rely on convictions and arrests included in probation officer's report].) The record thus shows the trial court considered proper factors, and its findings on those factors are supported by substantial evidence. Whether the cumulative weight of the aggravating factors exceeded the "great weight" to be afforded the mitigating factor that the prior conviction was older than five years (§ 1385, subd. (c)(2)(H)), so that it would not be in furtherance of justice to dismiss the five-year enhancement associated with the prior conviction (*id.*, subd. (c)(1)), was a matter within the trial court's discretion. (*Walker, supra*, 16 Cal.5th at p. 1033) We may neither reweigh the factors nor substitute our assessment for that of the trial court. (*Carmony, supra*, 33 Cal.4th at p. 377; *People v. Scott* (1994) 9 Cal.4th 331, 355.)

In sum, we conclude that given the violent nature of Collins's current conviction and his extensive criminal history, the trial court's conclusion it would not be "in the furtherance of justice" to dismiss the five-year enhancement for the prior serious felony conviction (§ 1385, subd. (c)(1)) was not "so irrational or arbitrary that no reasonable person could agree with it"

9

(*Carmony, supra*, 33 Cal.4th at p. 377; accord, *Brugman, supra*, 62 Cal.App.5th at p. 640).  Collins has established no abuse of discretion that would require us to vacate the sentence imposed at the resentencing hearing and to remand the matter for a third sentencing hearing.[2]

DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

HUFFMAN, Acting P. J.

CASTILLO, J.

---

[2]    Our conclusion no remand is required makes it unnecessary for us to consider Collins's contentions that at a third sentencing hearing the trial court should consider his "post-conviction conduct and rehabilitation efforts" and the mitigating circumstance that "[m]ultiple enhancements [were] alleged in a single case" (§ 1385, subd. (c)(2)(B)).