Filed 11/25/24  P. v. Duenas CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B334536 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA088870) |
| v. | |
| CUTHBERT EMANUEL DUENAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Reversed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

In 2009, "[o]ver the course of more than 18 hours, defendant Cuthbert E. Duenas raped Veronica twice, beat her numerous times, and kidnapped her with the intent to rape her." (*People v. Duenas* (June 18, 2019, B288392) [nonpub. opn.].) Duenas's conviction included one Penal Code[1] section 667.5, subdivision (b) prior prison term enhancement. The Legislature subsequently deemed invalid enhancements "imposed" pursuant to section 667.5, subdivision (b) unless imposed for a sexually violent offense. Section 1172.75 creates a procedure for resentencing persons sentenced to the now invalid enhancements.

In 2023, the California Department of Corrections and Rehabilitation identified Duenas as potentially eligible for resentencing pursuant to section 1172.75, subdivision (a) which provides in relevant part: "(a) Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)

The trial court found Duenas was ineligible for resentencing. On appeal, the parties agree we must remand for resentencing albeit for different reasons. We agree with respondent that the original sentencing court did not have discretion to stay the prior prison enhancement, and thus the original sentence was unauthorized. We thus do not decide whether Duenas was entitled to relief under section 1172.75, as Duenas posits. We reverse the trial court's order finding Duenas ineligible for resentencing and remand for resentencing.

---

[1] Undesignated statutory citations are to the Penal Code.

## BACKGROUND

We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, Standard 8.1. Accordingly, we provide limited factual and procedural background. The trial transcript of Duenas's jury trial is not included in the appellate record and is not relevant to any issue on appeal.

In 2013, a jury convicted Duenas of two counts of forcible rape, kidnapping to commit rape, and assault by means likely to commit bodily injury. With respect to the assault and kidnapping, the jury found that Duenas inflicted great bodily injury. The jury found Duenas not guilty of sexual penetration by a foreign object. Duenas admitted serving a section 667.5, subdivision (b) prior prison term. (*People v. Duenas*, *supra*, B288392.)

The trial court sentenced Duenas to an indeterminate term of seven years to life and a determinate term of 18 years. The abstract of judgment indicates that the trial court stayed the punishment on the section 667.5, subdivision (b) enhancement. This court affirmed the judgment and remanded for recalculation of defendant's custody credits. (*People v. Duenas*, *supra*, B288392.)

The California Department of Corrections and Rehabilitation identified Duenas as potentially eligible for resentencing relief under Senate Bill No. 483. Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136) amended section 667.5, subdivision (b), by limiting the enhancement to prior prison terms for sexually violent offenses. (§ 667.5, subd. (b); *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) In 2021, the Legislature enacted

Senate Bill No. 483 (2021–2022 Reg. Sess.), which made Senate Bill No. 136's changes to the law retroactive (Stats. 2021, ch. 728, § 1), and added former section 1171.1, now section 1172.75, to the Penal Code (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12).

The trial court denied resentencing because the section 667.5, subdivision (b) enhancement had been stayed. Defendant timely appealed from the order denying resentencing.

## DISCUSSION

Duenas argues section 1172.75 requires him to be resentenced. Respondent argues the original sentencing court erred in staying the section 667.5, subdivision (b) prior prison enhancement. As respondent argues, our Supreme Court has held, "Once the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) Under *Langston*, the original sentencing court was required either to strike or impose the section 667.5, subdivision (b) enhancement. Because the original sentencing court stayed the enhancement, the resulting sentence was unauthorized. (*People v. Lua* (2017) 10 Cal.App.5th 1004, 1020.)

An unauthorized sentence may be corrected at any time (*In re Renfrow* (2008) 164 Cal.App.4th 1251, 1256), and thus we remand for resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 [when part of a sentence is stricken on review, on remand for resentencing " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "]; *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [defendants are entitled to sentencing decisions based on court's informed discretion].) Here, citing

4

*Buycks*, respondent acknowledges that a "remand for resentencing" is warranted.

Because we remand for resentencing, we need not address Duenas's argument that the trial court erred in finding him ineligible on the theory the section 667.5 subdivision (b) enhancement was stayed rather than executed.[2]  We also need not address whether Duenas's convictions for forcible rape and kidnapping to commit rape render him ineligible for relief under section 1172.75, subdivision (a), an issue neither party raises.

---

[2]  Whether section 1172.75 applies when the original sentencing court stayed a section 667.5 subdivision (b) enhancement is currently pending in our high court.  (See, e.g., *People v. Espino* (2024) 104 Cal.App.5th 188 [holding inter alia § 1172.75 applicable to sentence enhancements regardless of whether the original trial court stayed the enhancement], review granted Oct. 23, 2024, S286987; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 672 [same], review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276 [same], review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300, 309 [same], review granted Feb. 21, 2024, S283189; *People v. Rhodius* (2023) 97 Cal.App.5th 38 [holding § 1172.75 applies only to executed sentence enhancements], review granted Feb. 21, 2024, S283169.)

## DISPOSITION

The order is reversed and the matter is remanded for new sentencing.

<u>NOT TO BE PUBLISHED.</u>


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



WEINGART, J.